UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINIC GONZALEZ,

                              Plaintiff,

          -against-

NEW YORK EYE AND EAR INFIRMARY
OF MOUNT SINAI,

                              Defendant.

20-CV-6822 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

      Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 and Title

IX of the Education Amendments of 1972, alleging that his employer treated hm unfairly and

fired him from his job. By order dated September 8, 2020, the Court granted Plaintiff's request to

proceed *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file

an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original).

**BACKGROUND**

The following facts are taken from the complaint: on November 5, 2018, Defendant New York Eye and Ear (NYEE) hired Plaintiff as a housekeeper. Early in his employment, Plaintiff informed Defendant that his daily workload was "impossible" to complete. (ECF No. 2, at 6.) When his manager asked him why he failed to complete his tasks, and Plaintiff explained that "it was too much for one person," his manager "assured [him] that the last employee which was a female almost twice [his] age . . . was getting the work done." (*Id.*)

In February 2019, Plaintiff suffered a work-related back injury and left work for seven weeks to recover. When he returned to work, Defendant had changed his shift from the evening to the morning, decreased his pay, and placed him "under constant scrutiny." (*Id.*)

In August 2019, Defendant notified Plaintiff that an individual (at a building where Plaintiff cleaned) had complained about Plaintiff and warned Plaintiff that "if this happens again [his] job would be in jeopardy." (*Id.* at 7.) Plaintiff found this comment "very offensive and unnecessary." (*Id.*)

Nearly a year later, in May 2020, Defendant informed Plaintiff that he "was being put out of work on unpaid leave after . . . a complaint [had been] filed against [him] regarding PPE [personal protective equipment] protocol which [he] never received and apparently NYEE had no work for [him] due to co-vid 19." (*Id.*) When Plaintiff asked when he could expect to return to work, Defendant told him that he "would be called to return when the co-vid crisis was cover." (*Id.*) In response, Plaintiff

> wrote a complaint regarding my side of what happened and I was considering returning if giv[en] the opportunity but after careful considering I no longer felt comfortable, I felt like I was being harassed, targeted and unappreciated.

(*Id.*) Instead, Plaintiff filed a workers' compensation claim, but he "was never compensated entirely."[1] (*Id.* at 8.)

Plaintiff now experiences physical limitations in his daily life, as well as back pain. He seeks money damages.

## DISCUSSION

### A.    Title VII

Plaintiff alleges that his claims arise under Title VII of the Civil Rights Act of 1964. Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Plaintiff does not allege that Defendant discriminated against him based on any of these characteristics. While Plaintiff states that his manager told Plaintiff that a previous employee, who happened to be a woman, completed the same workload, Plaintiff does not state any facts suggesting that the manager treated him differently because of his sex. Rather, he alleges that the manager treated him and the female employee similarly by expecting both employees to complete the same duties. The Court therefore dismisses Plaintiff's claims under Title VII for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.    Title IX

Plaintiff states that Defendant also may have violated Title IX, a civil rights statute that bars discrimination on the basis of sex. Specifically, Title IX provides that "[n]o person in the

---

[1] Plaintiff references a July 10, 2019 notice from the New York State Workers' Compensation Board. The notice indicates that the Board required more information from Plaintiff before proceeding with his claim. (*See id.* at 10.)

United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). To state a claim under Title IX, a plaintiff must allege that members of the opposite sex were treated differently in similar circumstances and that the discrimination or bias is on account of sex. *See Doe v. Columbia Univ.*, 831 F.3d 46, 57-59 (2d Cir. 2016). Here, assuming that Defendant receives federal funding, the facts alleged do not state a claim for a violation of Title IX for the same reasons they do not support a violation of Title VII – Plaintiff does not allege that Defendant treated him differently because of his sex. The Court therefore dismisses Plaintiff's Title IX claims for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.     Americans with Disabilities Act

The Court construes Plaintiff's allegations as asserting a claim under the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. §§ 12112-12117, because he refers to a back injury and work conditions related to his taking injury-related leave.

A person is disabled under the ADA if the person has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). "The ADA prohibits discrimination against a 'qualified individual on the basis of disability' in the 'terms, conditions, and privileges of employment.'" *Kinneary v. City of New York*, 601 F.3d 151, 155 (2d Cir. 2010) (quoting 42 U.S.C. § 12112(a)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his [protected characteristics were] a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that

directly show discrimination or facts that indirectly show discrimination by giving rise to a

plausible inference of discrimination." *Id.* at 87.

Mistreatment at work that occurs for a reason other than an employee's protected

characteristic or opposition to unlawful conduct is not actionable under federal

antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir.

2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

Here, Plaintiff does not state a claim under the ADA because he does not allege that he

suffered from a disability when he complained to Defendant about his inability to complete his

work responsibilities. Rather, he alleges that he could not complete his duties because Defendant

assigned him too much work. Moreover, though he does allege that Defendant decreased his pay

and changed his shift from evening to morning, he does not allege that Defendant did so because

of any disability or in retaliation for Plaintiff taking leave to recover from his back injury.

Because Plaintiff refers to a back injury and a change in his work conditions, and

Defendant terminated his employment, the Court concludes that it might not be futile to grant

Plaintiff leave to amend his claims under the ADA. *See Hill v. Curcione*, 657 F.3d 116, 123-24

(2d Cir. 2011) (holding that district courts generally should grant a self-represented plaintiff an

opportunity to amend a complaint to cure its defects, unless amendment would be futile). The

Court therefore grants Plaintiff leave to file an amended complaint to state facts in support of any

claim he wishes to pursue under the ADA.[2]

---

[2] The Court is liberally construing Plaintiff's complaint as asserting a claim under the
ADA, but it appears that Plaintiff did not exhaust his administrative remedies before filing this
lawsuit. Generally, before initiating a federal lawsuit, a plaintiff must first file a timely charge
with the Equal Employment Opportunity Commission (EEOC) and obtain a Notice of Right to
Sue. *See* 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a). In New York, this charge must be
filed with the EEOC within 300 days of the alleged act of discrimination. 42 U.S.C. § 2000e-
5(e)(1). A civil action must be commenced within 90 days of receiving the notice of the right to

**D.**     *Pro bono* **counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his ADA claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

---

sue. *See* 42 U.S.C. § 2000e-5(f)(1). Exhaustion of administrative remedies is not, however, jurisdictional, but like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. *See Fort Bend Cnty., Texas v. Davis,* 139 S. Ct. 1843, 1846 (2019). Should Plaintiff file a complaint with the EEOC, he may include in his amended complaint any steps that he has taken to exhaust his administrative remedies.

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-6822 (LLS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court denies without prejudice Plaintiff's application for the Court to request the appointment of *pro bono* counsel. (*See* ECF No. 3.)

SO ORDERED.

Dated:    September 16, 2020
          New York, New York

_Louis L. Stanton_

                    Louis L. Stanton
                    U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

_____CV_____

(Include case number if one has been assigned)

Do you want a jury trial?

☐ Yes      ☐ No

## EMPLOYMENT DISCRIMINATION COMPLAINT

<table>
<tr><td>

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

</td></tr>
</table>

## I.      PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1: _____

Name

Address where defendant may be served

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2: _____

Name

Address where defendant may be served

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                    State            Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City                    State            Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐   **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

  The defendant discriminated against me because of my (check only those that apply and explain):

  ☐   race: _____

  ☐   color: _____

  ☐   religion: _____

  ☐   sex: _____

  ☐   national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

   My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

   I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

   My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

   My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B.  Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.   STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐   did not hire me

☐   terminated my employment

☐   did not promote me

☐   did not accommodate my disability

☐   provided me with terms and conditions of employment different from those of similar employees

☐   retaliated against me

☐   harassed me or created a hostile work environment

☐   other (specify): _____

_____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐   Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge? _____

☐   No

Have you received a Notice of Right to Sue from the EEOC?

☐   Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice? _____

When did you receive the Notice? _____

☐   No

## VI.   RELIEF

The relief I want the court to order is (check only those that apply):

☐   direct the defendant to hire me

☐   direct the defendant to re-employ me

☐   direct the defendant to promote me

☐   direct the defendant to reasonably accommodate my religion

☐   direct the defendant to reasonably accommodate my disability

☐   direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your
complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1.  I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2.  I have established a PACER account;

3.  I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4.  I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5.  I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6.  I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address              City              State              Zip Code

_____
Telephone Number              E-mail Address

_____
Date              Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007