UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINIC GONZALEZ

                Plaintiff,

           -against-                      20-CV-6822 (LLS)

NEW YORK EYE AND EAR INFIRMARY OF      ORDER OF DISMISSAL
MOUNT SINAI (Environmental Services
Housekeeping),

               Defendant.

LOUIS L. STANTON, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint alleging that Defendant violated his rights under Title VII of the Civil Rights Act of 1964 and Title IX of the Education Amendments of 1972. By order dated September 17, 2020, the Court (1) dismissed the claims brought under Title VII and Title IX, (2) construed the complaint as asserting claims under the Americans with Disabilities Act of 1990 (ADA), and (3) granted Plaintiff leave to amend his complaint to assert facts in support of an ADA claim. Plaintiff filed an amended complaint on October 15, 2020, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

Plaintiff's amended complaint does not state any facts suggesting that Defendant violated his rights under the ADA, or any other antidiscrimination statute. Rather, Plaintiff references his allegations in the original complaint, claiming that in that pleading he "stated briefly [his] encounter with the employer during his employment." (ECF 6, at 5.) But the Court has already determined that his allegations in the original complaint were insufficient to state a claim. To the extent that Plaintiff does state additional facts in support of a possible ADA claim, he describes his disability as "open minded" and "wc." (*Id.* at 4.) He also asserts that Defendant violated 42 U.S.C. § 1981, claiming that his race is "handsome." (*Id.*)

As the original complaint failed to state a claim, and as Plaintiff now relies on his allegations in that submission, adding only frivolous assertions in his amended complaint, the Court concludes that the claims brought against Defendant must be dismissed for failure to state a claim.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the original complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's action, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated:   February 4, 2021
         New York, New York

                                                    _____*Louis L. Stanton*_____
                                                            Louis L. Stanton
                                                                 U.S.D.J.